**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASE NO. 6:14-cv-1189-ORL-31TBS**

JESSICA MCDANIEL,

Plaintiff,

vs.

SIEMENS CORP.,
a Foreign Profit Corporation, and
RANDSTAD GENERAL PARTNER (US) LLC,
a Foreign Limited Liability Company,

Defendants.
____________________________________/

## AMENDED COMPLAINT

Plaintiff, JESSICA MCDANIEL (hereafter "MCDANIEL"), by and through counsel, hereby sue Defendants, SIEMENS CORP. (hereafter "SIEMENS")[1] and RANDSTAD GENERAL PARTNER (US) LLC. (hereafter "RANDSTAD") (collectively "DEFENDANTS"), and allege as follows:

### Nature of Action

1. This is an action for recovery of unpaid overtime compensation owed to Plaintiff pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., as amended ("FLSA").

### Jurisdiction and Venue

2. Jurisdiction in this Court is proper as Plaintiff's claim is brought pursuant to the FLSA to recover unpaid overtime compensation, liquidated damages and reasonable attorney's fees and costs. Jurisdiction over this action is founded upon § 216(b) of the FLSA.

[1] The sole purpose of this Amended Complaint is to correct a scrivenor's error. Plaintiff has replaced Defendant Siemens Energy Inc. with the correct corporate entity, Siemens Corp.

3. The acts and omissions that give rise to this action occurred in Orange County, Florida. Venue is therefore proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b).

**Parties**

4. At all times material hereto, Plaintiff resided in Orange County, Florida.

5. At all times material hereto, SIEMENS was a Foreign Profit Corporation that engaged in business in Orange County, Florida.

6. At all times material hereto, SIEMENS employed two or more employees who regularly were and are engaged in commerce, or worked on goods or materials that had been moved in or produced for commerce.

7. At all times material hereto, SIEMENS had annual gross sales or business of no less than $500,000.00.

8. By reason of the foregoing, SIEMENS was and is an enterprise engaged in commerce as defined by § 203(r) and (s) of the FLSA.

9. At all times material hereto, RANDSTAD was a Foreign Limited Liability Company that engaged in business in Orange County, Florida.

10. At all times material hereto, RANDSTAD employed two or more employees who regularly were and are engaged in commerce, or worked on goods or materials that had been moved in or produced for commerce.

11. At all times material hereto, RANDSTAD had annual gross sales or business of no less than $500,000.00.

12. By reason of the foregoing, RANDSTAD was and is an enterprise engaged in commerce as defined by § 203(r) and (s) of the FLSA.

13. At all times material hereto, RANDSTAD worked in the direct interest of SIEMENS, and Plaintiff provided services for, and was under the common control, of SIEMENS and RANDSTAD. By virtue of the foregoing, SIEMENS and RANDSTAD were joint employers as that term is defined under the FLSA.

14. Moreover, in performing services for DEFENDANTS, Plaintiff engaged in commerce by regularly using the instrumentalities of interstate commerce in her work through her regular and recurrent use of interstate telephone and mail services. Therefore, Plaintiff was subject to individual coverage pursuant to the FLSA.

## GENERAL ALLEGATIONS

15. Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 14 by reference.

16. Plaintiff began her employment with DEFENDANTS on or about May 2010 as a Staffing Coordinator, and, in March 23, 2011, was transitioned into the position of Recruiter.

17. As a Recruiter, Plaintiff was initially compensated at an hourly rate of twenty-five dollars per hour ($25.00/hour).

18. In or about March 2012, Plaintiff received a raise to thirty dollars per hour ($30.00/hour)

19. Throughout her employment, Plaintiff jointly performed services for both DEFENDANTS.

20. While jointly performing services for both DEFENDANTS, Plaintiff was under the direct supervision of both DEFENDANTS.

21. DEFENDANTS jointly engaged in the preparation of payroll and the payment of Plaintiff's wages.

22. Both DEFENDANTS directly and/or indirectly had the right to modify Plaintiff's employment conditions.

23. Plaintiff worked in excess of forty (40) hours in most workweeks during the relevant period.

24. Plaintiff was verbally instructed by Supervisors Dawn Hughes, Team Manager, Talent Acquisition, and Debbie Leider, Senior Manager, Talent Acquisition, to only report forty (40) hours worked for each work week.

25. As a result, Plaintiff did not receive compensation for hours worked in excess of forty (40) per workweek for most workweeks during the relevant period.

**COUNT I: FLSA (UNPAID OVERTIME COMPENSATION)**

26. Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 25 by reference.

27. The FLSA requires that covered employers compensate nonexempt employees at a rate of one and one-half times their regular rate of pay for each hour worked in excess of forty (40) per work week.

28. DEFENDANTS were covered employers who jointly employed Plaintiff.

29. Plaintiff was not subject to any exemption(s) to the overtime pay requirements of the FLSA.

30. Plaintiff regularly worked in excess of forty (40) hours per week during her employment with DEFENDANTS.

31. DEFENDANTS failed to pay Plaintiff compensation for hours worked in excess of forty (40) per week for most workweeks during her employment.

32. By virtue of the foregoing, Plaintiff has been damaged in the loss of overtime wages, and has incurred, and will continue to incur, costs and reasonable attorney's fees.

33. DEFENDANTS failed to pay Plaintiff overtime compensation in bad faith and without any legal justification. Consequently, Plaintiff is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation.

WHEREFORE, Plaintiff demands judgment against DEFENDANTS for unpaid overtime compensation, liquidated damages and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

Date: August 18, 2014

Respectfully submitted,

/s/ David H. Spalter

David H. Spalter, Esquire
Florida Bar No. 966347
Jill S. Schwartz, Esquire
Florida Bar No. 523021
JILL S. SCHWARTZ & ASSOCIATES, P.A.
655 W. Morse Boulevard, Suite 212
Winter Park, Florida 32789-3745
Telephone: (407) 647-8911
Facsimile: (407) 628-4994
Email: dspalter@schwartzlawfirm.net

Attorneys for Plaintiff